UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOP BRANCH TREE SERVICE & LANDSCAPING, INC. | CIVIL ACTION |
| VERSUS | NO: 06-3723 |
| OMNI PINNACLE, LLC, ET AL. | SECTION: "J" (4) |

## ORDER AND REASONS

Before the Court is defendant St. Tammany Parish, Louisiana's Motion to Dismiss. (Doc. 22.) The motion is opposed by co-defendant Omni Pinnacle, LLC. No other party has opposed the motion. For the following reasons the Court finds that the motion should be GRANTED.

## BACKGROUND

Following Hurricane Katrina, defendant St. Tammany Parish, Louisiana ("St. Tammany Parish") requested bids to clean up damaged trees. Defendant Omni Pinnacle, LLC ("Omni") won the bid. St. Tammany Parish and Omni entered into contract OEP-2005, which set the terms by which Omni would undertake tree removal in the parish. Omni subcontracted the work to defendants William Smoak and Chris Smoak, d/b/a Smoak Brothers. Smoak Brothers

subcontracted the work to plaintiff, Top Branch Tree Service &
Landscaping, Inc. ("Top Branch"). Top Branch subcontracted the
work out to others.

Top Branch has $656,226.35 in outstanding invoices that have
not been paid. Top Branch sued the Smoak brothers, Omni, and St.
Tammany Parish to recover the money under various theories.
Answers, cross-claims, and counterclaims were filed by Omni and
the Smoak brothers. St. Tammany Parish seeks to have the case
against it dismissed pursuant to Rule 12(b) based either on
immunity or on a forum selection clause in the tree removal
contract.

## DISCUSSION

Forum selection clauses "are prima facie valid and should be
enforced unless enforcement is shown by the resisting party to be
'unreasonable' under the circumstances." *M/S Bremen v. Zapata
Off-Shore Co.*, 407 U.S. 1 (1972). The *Bremen* rule, first
announced in the admiralty context, has been explicitly held to
apply to motions to dismiss based on a forum selection clause
filed in cases before federal courts sitting in diversity. *Int'l
Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5 Cir.
1996).

The contract between Omni and St. Tammany Parish contains
the following term: "The contractor shall comply with all

applicable contents of the General Conditions of St. Tammany Parish."  General Condition 33.03 states: "The 22nd Judicial District Court for the Parish of St. Tammany shall be the court of original jurisdiction of any litigation originated under this contract." The General Conditions also dictate that all subcontractors are automatically bound by the terms of the parish's contract with the contractor.

St. Tammany Parish argues that the General Conditions establish the 22nd Judicial District court as the exclusive forum for suits brought under the documents it signed. Omni argues that the General Conditions render the agreement a contract of adhesion because they are a standard form and were not attached to the tree removal contract. Omni also argues that the provision is not a mandatory forum selection clause.

Omni's argument that the General Conditions are adhesionary is not persuasive. "[A] contract is one of adhesion when either its form, print, or unequal terms call into question the consent of the non-drafting party and it is demonstrated that the contract is unenforceable, due to lack of consent or error, which vitiates consent. Accordingly, even if a contract is standard in form and printed in small font, if it does not call into question the non-drafting party's consent and if it is not demonstrated that the non-drafting party did not consent or his consent is

vitiated by error, the contract is not a contract of adhesion."
*Aguillard v. Auction Management Corp.*, 908 So. 2d 1, 10-11 (La.
2005). Adhesionary contracts "are not per se unenforceable, but
rather lend themselves to an inquiry as to whether the weaker
party consented to the fine print, and if so whether the
adhesionary clause is unduly burdensome or extremely harsh."
*Andry v. New Orleans Saints*, 820 So.2d 602, 603-04 (La. App. 5th
Cir. 2002). "It is well settled that a party who signs a written
instrument is presumed to know its contents and cannot avoid its
obligations by contending that he did not read it, that he did
not understand it, or that the other party failed to explain it
to him." *Aguillard*, 820 So. 2d at 23.

The General Conditions were purportedly included in St.
Tammany Parish's request for bids, and even if not, they were
clearly incorporated into the contract by reference. Omni should
have made itself aware of what it was agreeing to before it
signed the contract. There is no indication that Omni was coerced
into placing a bid or signing the contract without notice of the
terms. Neither is a requirement to litigate in St. Tammany Parish
harsh, burdensome, or unreasonable.

The issue of whether the language of the forum selection
clause is mandatory or permissive presents a closer question. The
undersigned is aware that Judge Lemelle recently found that the

same clause in St. Tammany Parish's General Conditions did not

clearly demonstrate the intent of the parties to make

jurisdiction in the 22nd Judicial District court exclusive.

However, recognizing that the drafting could be clearer, the

undersigned nevertheless finds that the most natural reading of

the provision mandates that the 22nd Judicial District should be

the exclusive forum.

> For a contractual clause to prevent a party from
> exercising its right to removal, the clause must give a
> "clear and unequivocal" waiver of that right. A party
> may waive its rights by explicitly stating that it is
> doing so, by allowing the other party the right to
> choose venue, or by establishing an exclusive venue
> within the contract.
> A party's consent to jurisdiction in one forum
> does not necessarily waive its right to have an action
> heard in another. For a forum selection clause to be
> exclusive, it must go beyond establishing that a
> particular forum will have jurisdiction and must
> clearly demonstrate the parties' intent to make that
> jurisdiction exclusive. It is important to distinguish
> between jurisdiction and venue when interpreting such
> clauses. Although it is not necessary for such a clause
> to use the word "venue" or "forum," it must do more
> than establish that one forum will have jurisdiction.

*City of New Orleans v. Mun. Admin. Serv., Inc.*, 376 F.3d 501, 504

(5th Cir. 2004) (citations omitted).

The clause in St. Tammany's General Conditions does not use

the word "exclusive", and it does not specify venue or forum as

distinct from jurisdiction. The contract provides that the 22nd

Judicial District court "shall be the court of original

jurisdiction." The use of the mandatory word "shall" is not alone

sufficient to make the provision mandatory. The Fifth Circuit has

found that a provision dictating that a specific court "shall

have jurisdiction" is not mandatory. *Caldas & Sons, Inc. v.*

*Willingham*, 17 F.3d 123, 127 (5th Cir. 1994). But there is an

appreciable difference between the phrase "shall *have*

jurisdiction" and the phrase "shall *be the* court of original

jurisdiction." The first phrase allows for concurrent

jurisdiction in other fora; the second does not. A similar

difference can be observed in a phrase using the indefinite

article "a", rather than the definite article, "the". If the 22nd

Judicial District Court is a court of original jurisdiction, the

jurisdiction of other courts is not necessarily excluded.

However, if the 22nd Judicial District is *the* court of original

jurisdiction, no other court is also a court of original

jurisdiction. *See Apotex Corp. v. Istituto Biologico*

*Chemioterapico S.p.a.*, 2003 WL 21780965, *6 (N.D. Ill. 2003)

(finding forum selection clause mandatory based on use of

definite rather than indefinite article.) The use of the copula

"be" and the definite article "the" indicate exclusivity, and

does "more than establish that one forum will have jurisdiction."

   "Courts are not captives of grammars and dictionaries.

Neither are they free to ignore common usage and dictionary-

tested meaning." *C.I.R. v. Kelley*, 293 F.2d 904, 912 (5th Cir.

1961) (relying on distinction between indefinite and definite article). The natural reading of General Condition 33.03 is that the parties accepted the 22nd Judicial District court as the exclusive forum for litigation arising from the contract. Under the General Conditions, subcontractors such as Top Branch are also bound by this forum selection clause.

The Court views St. Tammany Parish's claims of immunity with considerable scepticism, but need not reach them based on the foregoing.

CONCLUSION

The pleadings demonstrate that all claims in this case arise from the tree removal contract. Although St. Tammany Parish has only moved to dismiss itself, this Court is an improper forum for the entire case.

Accordingly,

**IT IS ORDERED** that St. Tammany Parish, Louisiana's Motion to Dismiss (Doc. 22) is **GRANTED**; the above-captioned case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(3).

New Orleans, Louisiana this the 26th day of April, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE